UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS CUELLAR.,

Petitioner,

v.

MADERA COUNTY SHERIFF,

Respondent.

No. 1:24-cv-01398-SKO (HC)

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**

**FINDINGS AND RECOMMENDATIONS TO DISMISS PREMATURE PETITION**

Petitioner is a state pretrial detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition in this Court on November 15, 2024. Upon review of the petition, the Court finds it should abstain from interfering in ongoing state proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971), and will recommend the petition be dismissed without prejudice.

## I. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B. Abstention

Petitioner is in the custody of the Madera County Jail pending trial on felony counts of embezzlement and forgery. (Doc. 1 at 2.) He states he has been in state custody since September 6, 2024. (Doc. 1 at 2.) He contends his right to a speedy trial is being violated by the state court's various continuances in the underlying case. (Doc. 1 at 4.)

It is premature for this Court to review Petitioner's collateral attack on his conviction because Petitioner is currently awaiting trial on his felony counts in the Madera County Superior Court. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

The Younger criteria are satisfied here. First, Petitioner is awaiting trial, and thus, state judicial proceedings are ongoing. Second, criminal trials implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully concluded, and if Petitioner is found guilty, he may seek federal habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, . . ., have

concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention.

## II. ORDER

The Clerk of Court is hereby DIRECTED to randomly assign a district judge to this case.

## III. RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS the petition be DISMISSED WITHOUT PREJUDICE as premature.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 20, 2024**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE